UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | * * * |
| Plaintiff, | * * |
| v. | * CIVIL ACTION * FILE NO. |
| LOUIS LaVIOLA, METAL MASTERS, INC. and METAL MASTERS, INC. PROFIT SHARING PLAN | * 3:00-CV-02117 JBA * * |
| Defendants. | * |

### SECRETARY OF LABOR'S PETITION FOR ADJUDICATION OF CIVIL CONTEMPT

Elaine L.Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") hereby petitions that this Court issue an order to show cause to the above named defendants why they should not be held in civil contempt for failing to comply with a Consent Judgment and Order issued by this Court.[1]  In support thereof, the Secretary asserts as follows:

1. On or about November 2, 2000 the Secretary filed a Complaint before this Court against defendants Louis LaViola, Metal Masters, Inc. and the Metal Masters, Inc. Profit Sharing Plan alleging violations of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. " 1001 *et seq.*, as amended.

2. The parties reached agreement toward resolution of the matter and submitted to the Court a Consent Judgment for approval.  On November 13, 2000 the

---

[1] This action originally was filed in the name of Alexis M. Herman, Secretary of Labor.  Pursuant to Federal Rules of Civil Procedure, Rule 25(d)(1), current Secretary of Labor, Elaine L. Chao, is substituted automatically as party plaintiff.

Court signed and entered an Order approving the terms of the Consent Judgment. A copy of the Consent Judgment and Order is attached hereto and marked as Exhibit A.

3.  Prior to the entry of the Consent Judgment, defendant Louis LaViola had agreed to restitution to the Metal Masters, Inc. Profit Sharing Plan (the "Plan") under a repayment schedule requiring Mr. LaViola to remit to the Plan the sum of $1,500 per week for a period beginning on October 26, 1999 and concluding on December 31, 2001. Pursuant to the terms of the Consent Judgment, Mr. LaViola was ordered to make restitution to the Plan under the payment schedule set forth above.

4.  Pursuant to the terms of the Consent Judgment, defendant Louis LaViola, further was ordered to provide the Secretary with proof of adherence to the terms of the Plan repayment schedule periodically, specifically on July 30, 2000, January 30, 2001, July 30, 2001 and January 30, 2002.

5.  For the period October 1999 through June 2001, Mr. LaViola remitted approximately $74,857 to the Plan. Of that $74,857, approximately $50,000 was held in a Citizens Bank Business Partners Money Market Account (the Plan's "Money Market Account") in the name of the Plan. The remaining $24,857 was held in a Citizens Bank Savings Account (the Plan's "Savings Account") in the name of the Plan.

6.  From July 2001 through June 2002, Mr. LaViola caused a series of withdrawals from the Plan accounts referenced at paragraph 5 so that by December 8, 2003 the Plan accounts had zero balances.

7.  With respect to the Plan's Money Market Account, upon information and belief, Mr. LaViola used approximately $45,000 of the plan funds to satisfy corporate operating expenses of Metal Master, Inc. Also, upon information and belief,

approximately $5,000 of the Plan's Money Market Account was used to satisfy a levy imposed by the Internal Revenue Service.

8.  With respect to the Plan's Savings Account, upon information and belief, Mr. LaViola used the entire account balance of approximately $25,000 to satisfy corporate operating expenses of Metal Masters, Inc.

9.  Upon information and belief, the outstanding balance due the Plan under the terms of the Consent Judgment, at a minimum, is $159,106.53.

10. By withdrawing plan assets and using those assets to satisfy the corporate debts of the plan sponsor, Metal Masters, Inc., defendant Louis LaViola has violated ERISA §§404(a)(1)(A), 404(a)(1)(B), 404(a)(1)(C), 406(a)(1)(B), 406(b)(1) and 406(b)(2), 29 U.S.C. §§1104(a)(1)(A), 1104(a)(1)(B), 1104(a)(1)(C), 1106(a)(1)(B), 1106(b)(1) and 1106(b)(2) as the transfer of plan assets to, or on behalf of, a party in interest is prohibited under ERISA.  Further, in effecting these transactions, defendant Louis LaViola, trustee of the Plan, and party in interest with respect to the Plan, did not act on behalf of the Plan, its participants and beneficiaries, but instead acted on his own behalf and on behalf of Metal Masters, Inc., a corporation which he owned and controlled.

11. Since the date of the Consent Judgment the Secretary, through personnel at the Employee Benefits Security Administration has attempted to ascertain details regarding Mr. LaViola's compliance with the terms of the Judgment.  Mr. LaViola has acknowledged his liability to make restitution to the Plan and has made repeated assurances that compliance would be forthcoming.  Notwithstanding these assurances, Mr. LaViola has not only failed to make restitution to the Plan, but in fact has committed

further fiduciary breaches in causing or permitting whatever assets he had restored to the Plan to be used to satisfy corporate obligations of the plan sponsor, in direct contradiction of the mandates of ERISA and the terms of the Order of this Court.

12. Under the terms of the Consent Judgment and Order, this Court retained jurisdiction of this matter for purposes of enforcing the Judgment and Order.

WHEREFORE, the Secretary requests that this Court enter an Order requiring defendant Louis LaViola to appear on a date certain to show cause why he should not be held in contempt for failing to comply with the terms of the Consent Judgment and Order; and, that the Secretary have such other and further relief as may be necessary and appropriate.

Howard M. Radzely
Solicitor of Labor

Post Office Address:  
Office of the Solicitor  
J.F.K. Federal Building, Room E-375  
Boston, MA  02203  
617 565-2500  
FAX 617 565-2142

Frank V. McDermott, Jr.
Regional Solicitor

/s/ Maureen L. Canavan
Maureen L. Canavan
Attorney CT BarNo.14133
Canavan.Maureen@dol.gov
U.S. Department of Labor
Attorneys for Plaintiff