UNITED STATES DISTRICT COURT **FILED**
FOR THE
DISTRICT OF CONNECTICUT 2005 JAN 19 P 12: 21

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,    **U.S. DISTRICT COURT**
United States Department of Labor,    \*    **NEW HAVEN, CT**
                                          \*

          Plaintiff,    \*

                                  \*    CIVIL ACTION
          v.    \*    FILE NO.
LOUIS LaVIOLA, METAL MASTERS, INC. and METAL\*    3:00-CV-02117 JBA
MASTERS, INC. PROFIT SHARING PLAN    \*
                                  \*

          Defendants.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECRETARY OF LABOR'S PETITION FOR ADJUDICATION OF CIVIL CONTEMPT

Elaine L.Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") hereby petitions that this Court issue an order to show cause to the above named defendants why they should not be held in civil contempt for failing to comply with a Consent Judgment and Order issued by this Court.[1]  In support thereof, the Secretary asserts as follows:

    1.     On or about November 2, 2000 the Secretary filed a Complaint before this Court against defendants Louis LaViola, Metal Masters, Inc. and the Metal Masters, Inc. Profit Sharing Plan alleging violations of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. " 1001 *et seq.*, as amended.

    2.     The parties reached agreement toward resolution of the matter and submitted to the Court a Consent Judgment for approval.  On November 13, 2000 the

---

[1] This action originally was filed in the name of Alexis M. Herman, Secretary of Labor.  Pursuant to Federal Rules of Civil Procedure, Rule 25(d)(1), current Secretary of Labor, Elaine L. Chao, is substituted automatically as party plaintiff.

Court signed and entered an Order approving the terms of the Consent Judgment. A copy

of the Consent Judgment and Order is attached hereto and marked as Exhibit A.

3.      Prior to the entry of the Consent Judgment, defendant Louis LaViola had

agreed to restitution to the Metal Masters, Inc. Profit Sharing Plan (the "Plan") under a

repayment schedule requiring Mr. LaViola to remit to the Plan the sum of $1,500 per

week for a period beginning on October 26, 1999 and concluding on December 31, 2001.

Pursuant to the terms of the Consent Judgment, Mr. LaViola was ordered to make

restitution to the Plan under the payment schedule set forth above.

4.      Pursuant to the terms of the Consent Judgment, defendant Louis LaViola,

further was ordered to provide the Secretary with proof of adherence to the terms of the

Plan repayment schedule periodically, specifically on July 30, 2000, January 30, 2001,

July 30, 2001 and January 30, 2002.

5.      For the period October 1999 through June 2001, Mr. LaViola remitted

approximately $74,857 to the Plan. Of that $74,857, approximately $50,000 was held in

a Citizens Bank Business Partners Money Market Account (the Plan's "Money Market

Account") in the name of the Plan. The remaining $24,857 was held in a Citizens Bank

Savings Account (the Plan's "Savings Account") in the name of the Plan.

6.      From July 2001 through June 2002, Mr. LaViola caused a series of

withdrawals from the Plan accounts referenced at paragraph 5 so that by December 8,

2003 the Plan accounts had zero balances.

7.      With respect to the Plan's Money Market Account, upon information and

belief, Mr. LaViola used approximately $45,000 of the plan funds to satisfy corporate

operating expenses of Metal Master, Inc. Also, upon information and belief,

2

approximately $5,000 of the Plan's Money Market Account was used to satisfy a levy imposed by the Internal Revenue Service.

8.     With respect to the Plan's Savings Account, upon information and belief, Mr. LaViola used the entire account balance of approximately $25,000 to satisfy corporate operating expenses of Metal Masters, Inc.

9.     Upon information and belief, the outstanding balance due the Plan under the terms of the Consent Judgment, at a minimum, is $159,106.53.

10.     By withdrawing plan assets and using those assets to satisfy the corporate debts of the plan sponsor, Metal Masters, Inc., defendant Louis LaViola has violated ERISA §§404(a)(1)(A), 404(a)(1)(B), 404(a)(1)(C), 406(a)(1)(B), 406(b)(1) and 406(b)(2), 29 U.S.C. §§1104(a)(1)(A), 1104(a)(1)(B), 1104(a)(1)(C), 1106(a)(1)(B), 1106(b)(1) and 1106(b)(2) as the transfer of plan assets to, or on behalf of, a party in interest is prohibited under ERISA.  Further, in effecting these transactions, defendant Louis LaViola, trustee of the Plan, and party in interest with respect to the Plan, did not act on behalf of the Plan, its participants and beneficiaries, but instead acted on his own behalf and on behalf of Metal Masters, Inc., a corporation which he owned and controlled.

11.     Since the date of the Consent Judgment the Secretary, through personnel at the Employee Benefits Security Administration has attempted to ascertain details regarding Mr. LaViola's compliance with the terms of the Judgment.  Mr. LaViola has acknowledged his liability to make restitution to the Plan and has made repeated assurances that compliance would be forthcoming.  Notwithstanding these assurances, Mr. LaViola has not only failed to make restitution to the Plan, but in fact has committed

further fiduciary breaches in causing or permitting whatever assets he had restored to the

Plan to be used to satisfy corporate obligations of the plan sponsor, in direct contradiction

of the mandates of ERISA and the terms of the Order of this Court.

12.    Under the terms of the Consent Judgment and Order, this Court retained

jurisdiction of this matter for purposes of enforcing the Judgment and Order.

WHEREFORE, the Secretary requests that this Court enter an Order requiring

defendant Louis LaViola to appear on a date certain to show cause why he should not be

held in contempt for failing to comply with the terms of the Consent Judgment and

Order; and, that the Secretary have such other and further relief as may be necessary and

appropriate.


                                                    Howard M. Radzely
                                                    Solicitor of Labor


Post Office Address:                                Frank V. McDermott, Jr.
Office of the Solicitor                             Regional Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203
617 565-2500
FAX 617 565-2142                                    Maureen L. Canavan
                                                    Attorney CT BarNo.14133
                                                    Canavan.Maureen@dol.gov
                                                    U.S. Department of Labor
                                                    Attorneys for Plaintiff


4

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,          *
 United States Department of Labor,          *
                                             *
              Plaintiff,                      *      CIVIL ACTION
              v.                              *      FILE NO.
LOUIS LaVIOLA, METAL MASTERS, INC. and METAL*        3:00-CV-02117 JBA
 MASTERS, INC. PROFIT SHARING PLAN           *
                                             *
              Defendants.                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>ORDER TO SHOW CAUSE</u>

Upon consideration of the Secretary of Labor's Petition for Adjudication of Civil

Contempt, it is

ORDERED that defendants be and appear before the United States District Court for the

District of Connecticut at Courtroom No. _____ in New Haven on _____,

2005 at _____o'clock, to show cause, if any there be, why they should not be adjudged

in contempt of Court in accordance with the Petition for Contempt filed on behalf of the plaintiff

herein.  The defendants shall bring to Court all personal and corporate income tax returns for the

past two (2) years, all deeds, mortgages to real property, a list of personal property, a list of all

acquisitions and transfers of personal and business assets during the past two (2) years, personal

and business loan applications made during the past two (2) years, and business ledgers, payroll

records, financial records and statements (including credit card statements) for the past two (2)

years.

1

It is further ordered that certified copies of the said Petition and this Order be served by the United States Marshal or one of his deputies upon said defendants.

Dated at _____ this _____ day of _____, 2005.


_____
United States District Judge

"SOLICITOR'S OFFICE"
2000 NOV 30 PM 3: 27

FILED
Nov 2   13 PM '00
U.S. DISTRICT COURT
NEW HAVEN. CONN.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * *
ALEXIS M. HERMAN, Secretary of Labor,   *
   United States Department of Labor,    *
                                         *
                    Plaintiff,           *
                                         *
             v.                          *
                                         *
LOUIS LAVIOLA, METAL MASTERS, INC. and   *
METAL MASTERS, INC. PROFIT SHARING PLAN, *
                                         *
                    Defendants.          *
* * * * * * * * * * * * * * * * * *
```

FILED
Nov 14 2 34 PM '00
U.S. DISTRICT COURT
NEW HAVEN. CONN.

CIVIL ACTION NO.

**300CV02117** JBA

## CONSENT JUDGMENT

Defendants Louis LaViola, Metal Masters, Inc. and Metal Masters, Inc. Profit Sharing Plan and Plaintiff, Alexis M. Herman, Secretary of Labor, United States Department of Labor, have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

Defendants Louis LaViola, Metal Masters, Inc. and Metal Masters, Inc. Profit Sharing Plan have waived the requirements of Rule 4, Federal Rules of Civil Procedure, as to service of a summons upon them and have acknowledged receipt of Plaintiff's Complaint. By consent to this Order, defendants Louis LaViola, Metal Masters, Inc. and Metal Masters, Inc. Profit Sharing Plan have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

Defendant Louis LaViola has agreed to make restitution to the Metal Masters, Inc. Profit Sharing Plan under the following repayment schedule.  Beginning on or about October 26, 1999 through on or about December 31, 2001, Louis LaViola will pay to the Plan a sum of $1,500 per week.  Louis LaViola has provided to the Department of Labor proof of repayment through December 31, 1999.  It is on the basis of this already instituted repayment schedule that the Secretary of Labor, United States Department of Labor settles this matter.

Defendants Louis LaViola, Metal Masters, Inc. and Metal Masters, Inc. Profit Sharing Plan and Plaintiff, having agreed to entry of this Consent Judgment and Order, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.   Defendants Louis LaViola, and Metal Masters, Inc. are permanently enjoined from violating the provisions of Title I of ERISA.

2.   Defendant Louis LaViola shall continue to make restitution to the Plan pursuant to the repayment schedule outlined above.

3.   Defendant Louis LaViola shall provide to the Secretary of Labor, United States Department of Labor proof of adherence to

2

the repayment schedule on the following dates: July 30, 2000
January 30, 2001, July 30, 2001 and January 30, 2002.

3.    Each party shall bear its own fees and expenses with
respect to this action.

4.    The Court shall retain jurisdiction of this matter for
the purposes of enforcing this Consent Judgment and Order.

5.    Nothing in this Judgment is binding on any governmental
agency other than the United States Department of Labor.

IT IS SO ORDERED THIS ___13th___ day of ___November___ 2000.

_____
United States District Judge

Consented to by:

For the Plaintiff
Secretary of Labor:

Frank V. McDermott
Regional Solicitor

_____          ___11/31/00___
Maureen L. Canavan                         Dated
Attorney CT Bar No #14133
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203

For the Defendants:

_____          ___10/24/00___
Louis LaViola                              Dated

_____ President           ___10/24/00___
Metal Masters, Inc.                        Dated

_____ Admin.              ___10/24/00___
Metal Masters, Inc.                        Dated
   Profit Sharing Plan

3

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * *
ALEXIS M. HERMAN,                    *
      Secretary of Labor,            *
      United States Department of Labor, *
                                     *
                      Plaintiff,     *    CIVIL ACTION NO.
                                     *
            V.                       *
                                     *
                                     *
LOUIS LAVIOLA, METAL MASTERS, INC. and *
METAL MASTERS, INC. PROFIT SHARING PLAN,*
                                     *
                      Defendants     *
* * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Alexis M. Herman, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

1.  This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. §§1001 et seq., as amended, and is brought by the Secretary to enjoin acts and practices which violate the provisions of Title I of ERISA and to obtain appropriate relief in order to redress violations and enforce the provisions of that Title pursuant to ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. §1132(e)(1).

3.  Venue with respect to this action lies in the District of Connecticut pursuant to ERISA §502(e)(2), 29 U.S.C. §1132 (e)(2).

## DEFENDANTS

4.  The Metal Masters, Inc. Profit Sharing Plan (the "Plan")
is an employee pension plan within the meaning of ERISA §3(3), 29
U.S.C. §1002(3) and is subject to coverage of the Act pursuant to
§4(a), 29 U.S.C. §1003(a).  It was established by a Plan and
Trust Agreement with an effective date of January 1, 1987 to
provide retirement and death benefits for the employees of Metal
Masters, Inc. ("Metal Masters"), a Connecticut corporation.  The
Plan has offices in New Haven, Connecticut and is joined as a
party defendant herein pursuant to Rule 19(a) of the Federal
Rules of Civil Procedure solely to assure that complete relief
may be granted.

5.  At all times relevant to this action, Metal Masters was
the Plan Sponsor of the Plan.  As such, Metal Masters was a party
in interest with respect to the plan within the meaning of ERISA
§3(14)(C), 29 U.S.C. §1002(14)(C).  At all times relevant to this
action, Metal Masters served as the named Plan Administrator of
the Plan.  As such Metal Masters was a fiduciary with respect to
the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21)
and a party in interest with respect to the Plan within the
meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

6.  At all times relevant to this action, Louis LaViola was
a trustee of the Plan.  During the period he served as trustee,
he was a fiduciary with respect to the Plan within the meaning of
ERISA §3(21), 29 U.S.C. §1002(21) and a party in interest with
respect to the Plan within the meaning of ERISA §3(14)(A), 29

2

U.S.C. §1002(14)(A).  At all times relevant to this action Louis
LaViola was President of Metal Masters.

CLAIMS

7.    For the period June 30, 1992 through August 11, 1992
trustee Louis LaViola caused or permitted the Plan to loan, via a
series of five transactions, a total of approximately $90,000.00
in Plan assets to himself.  In turn, he transferred the plan
assets to the plan sponsor, Metal Masters, Inc. for the purpose
of providing Metal Masters with working capital.

8.    Neither LaViola nor Metal Masters made any payments on
the loans from on or about June 30, 1992 through October 25,
1999.  On or about October 26, 1999, Louis LaViola began making
payments on the loans.

9.   By virtue of the acts described in paragraphs 7 and 8,
Louis LaViola and Metal Masters, Inc.:

(a)    Failed to discharge their duties with respect to
the Plan solely in the interest of the participants and
beneficiaries and for the exclusive purpose of providing benefits
to participants and their beneficiaries and defraying reasonable
expenses of plan administration, in violation of ERISA
§404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

(b)    Failed to discharge their duties with the care,
skill, prudence and diligence under the circumstances then
prevailing that a prudent man acting in a like capacity and
familiar with such matters would use in the conduct of an

3

enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

(c) Caused the Plan to engage in a transaction which they knew or should have known constituted the direct or indirect lending of money or other extension of credit between the plan and the plan sponsor, a party in interest, in violation of ERISA §406(a)(1)(B), 29 U.S.C. §1106(a)(1)(B);

10. By virtue of the acts described in paragraphs 7 and 8, Louis LaViola and Metal Masters, Inc. dealt with the assets of the Plan in their own interest or for their own accounts, and acted in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries in violation of ERISA §§406(b)(1) and (2), 29 U.S.C. §1106(b)(1) and (2).

11. As a result of the transactions described in paragraphs 7 and 8, approximately ninety percent of plan assets were invested in loans to the plan sponsor. By virtue of these investments, trustee Louis LaViola and Metal Masters, Inc. failed to discharge their duties with respect to the Plan solely in the interests of the participants and beneficiaries by diversifying the investments of the Plan so as to minimize the risk of large losses, in violation of ERISA §404(a)(1)(C), 29 U.S.C. §1104(a)(1)(C).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Secretary prays that this Court enter an order:

4

1. Permanently enjoining Louis LaViola and Metal Masters, Inc. from violating or participating in any violation of ERISA §§404 and 406, 29 U.S.C. §§ 1104 and 1106;

2. Requiring defendants jointly and severally to restore to the Plan all losses incurred as a result of the fiduciary breaches and prohibited transactions in which they participated or for which they are liable, plus appropriate interest, including set off of the defendant LaViola's individual Plan account against the amount of losses, as authorized by 29 U.S.C. §1056(d)(4), if the losses are not otherwise restored to the Plan by the defendants;

3. Requiring defendants to correct the prohibited transactions in which they participated.

4. Awarding the Secretary the costs of this action; and

5. Providing such other relief as is just and equitable.

Respectfully submitted,

Stephen Robinson
U.S. Attorney
155 Church St, 23d Floor
New Haven, CT 06510

Henry L. Solano
Solicitor of Labor

Post Office Address:
Office of the Solicitor
J.F.K. Federal Building,
     Room E-375
Boston, MA 02203
(617) 565-2500

Frank V. McDermott
Regional Solicitor

Maureen L. Canavan
Attorney Bar #CT14133
United States Department of Labor
Attorneys for the Plaintiff

5

CLOSED

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:00-cv-02117-JBA
## Internal Use Only

Herman v. Laviola, et al

Assigned to: Judge Janet Bond Arterton

Demand: $0

Cause: 29:1001 E.R.I.S.A.: Employee Retirement

Date Filed: 11/02/2000

Jury Demand: None

Nature of Suit: 791 Labor: E.R.I.S.A.

Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Alexis M. Herman**
*Secretary of Labor, US Dept of Labor*

represented by **Maureen L. Canavan**
U.S. Dept. Of Labor
Office of the Solicitor
JFK Federal Bldg.,
Rm. E-375
Boston, MA 02203
617-565-2500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Louis Laviola**

**Defendant**

**Metal Masters, Inc**

**Defendant**

**Metal Masters, Inc Profit Sharing
Plan**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2000 | 1 | COMPLAINT (Pesta, J.) Modified on 11/08/2000 (Entered: 11/06/2000) |
| 11/02/2000 | 2 | Designation of Dianne Miller as person upon whom service shall be made by Alexis M. Herman (Pesta, J.) (Entered: 11/06/2000) |
| 11/02/2000 | 3 | ORDER on Pretrial Deadlines handed to counsel Discovery cutoff 5/4/01 ; Dispositive Motions due 6/3/01 Amended Pleadings due 01/02/01 Motions to Dismiss due 02/02/01 (Pesta, J.) (Entered: 11/06/2000) |
| 11/14/2000 | 4 | CONSENT JUDGMENT for Alexis M. Herman against Alexis M. Herman, Louis Laviola, Metal Masters, Inc, Metal Masters, Inc ( signed by Judge Janet B. Arterton ) (Torday, B.) (Entered: 11/16/2000) |
| 11/14/2000 | | Case closed (Torday, B.) (Entered: 11/16/2000) |
| 01/19/2005 | 5 | MOTION to Reopen Case by Alexis M. Herman.Responses due by 2/9/2005 (Attachments: # 1 petition)(Falcone, K.) (Entered: 01/19/2005) |