UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

*United States District Court*
*District of Connecticut*
*FILED AT NEW HAVEN*
*8/22/2005*
*Kevin F. Ro...*
*By: _____ Deputy Clerk*

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,        *
United States Department of Labor,         *
                                           *
              Plaintiff,                   *     CIVIL ACTION
                                           *
      v.                                   *     FILE NO.
                                           *     3:00-CV-02117 JBA
LOUIS LaVIOLA, METAL MASTERS, INC. and METAL *
MASTERS, INC. PROFIT SHARING PLAN,         *
                                           *
              Defendants                   *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

STIPULATION AND ORDER

Now comes Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), Plaintiff in the above entitled action, by her attorneys, and defendants Louis LaViola, Metal Masters, Inc. and Metal Masters, Inc. Profit Sharing Plan, by counsel, and hereby stipulate that all matters in controversy raised in Plaintiff's Petition for Adjudication of Contempt (except for matters arising under §502(c) of ERISA) have been resolved.

On November 2, 2000, the Secretary filed a Complaint against the above referenced defendants in this Court alleging violations of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001 *et. seq*. The parties reached agreement toward resolution of the matter and submitted to the Court a Consent Judgment for approval. On November 13, 2000 the Court signed and entered an Order approving the terms of the Consent Judgment.

Pursuant to the terms of the Consent Judgment, defendant Louis LaViola was ordered to

restore to the Metal Masters, Inc. Profit Sharing Plan the sum of $1,500 per week for the period October 26, 1999 through December 31, 2001. For the period October 1999 through June 2001, defendant LaViola remitted approximately $74,857 to the Plan. From July 2001 through June 2002, defendant LaViola engaged in a series of transactions, withdrawing all assets he had previously deposited to the Plan under the terms of the Consent Judgment.

As a result of defendant LaViola's failure to comply with the terms of the Consent Judgment and his improper withdrawal of plan assets, on or about January 19, 2005, Plaintiff filed a Motion to Reopen Case, together with a Petition for Adjudication of Contempt in the instant matter.

Subsequent to the filing of this Petition for Adjudication of Contempt, Defendant Louis LaViola paid into the Plan the amount of $167,061.86.

In addition, the Parties now agree to the entry of an ORDER by this Court as follows:

(1)     Within 60 days of the date of approval of this Stipulation, Defendant Louis LaViola shall take all steps necessary to distribute assets of the Plan to participants and/or beneficiaries. Within 30 days after distributions have been made to participants and/or beneficiaries, Defendant Louis LaViola shall provide the Secretary with proof that distributions have been made.

(2)     Within 60 days of the date of approval of this Stipulation, Defendant Louis LaViola shall take all steps necessary to terminate the Plan, including but not limited to executing any and all documentation necessary to effect termination of the Plan. Defendant Louis LaViola shall provide the Secretary with copies of all documents executed to effect termination of the Plan, including notices sent to participants regarding the termination of the Plan and the final Form 5500 for the Plan.

(3)     To the extent that the Plan incurs additional costs associated with the administration and termination of the Plan over and above the costs which have already been paid for administration and termination of the Plan, Defendant Louis LaViola shall bear the burden those costs personally.

(4) Each party shall bear its own fees and expenses with respect to this action.

(5) The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Order.

(6) Nothing in this Stipulation and Order is binding on any governmental agency other than the United States Department of Labor.

It is so ORDERED this _1st_ day of _September_, 2005

_____
Janet Bond Arterton
United States District Court Judge

Agreed to By:
For the Plaintiff

Secretary of Labor:
Howard M. Radzely
Solicitor of Labor

Frank V. McDermott
Regional Solicitor

_____     8/22/05
Maureen L. Canavan                   Dated
CT Bar # 14133
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA 02203

For Defendant Louis LaViola:

_____     8/15/05
Charles J. Donato
Krevolin & Donato, P.C.
59 Elm Street
New Haven, CT 06503
For Defendant Metal Masters, Inc.

_____     8/15/05
Charles J. Donato
Krevolin & Donato, P.C.
59 Elm Street